■     In the Matter of the ADDITIONAL JANUARY, 1979 GRAND JURY OF THE ALBANY COUNTY SUPREME COURT, Petitioner, v JANE DOE, Respondent. —Appeal from an order of the Supreme Court at Special Term, entered February 6, 1979 in Albany County, which granted a motion directing respondent to appear and testify before the Additional January, 1979 Grand Jury of the Albany County Supreme Court and denied respondent's cross motion to quash or modify the subpoenas directing her appearance before that body. Pursuant to section 3 of article IV of the New York State Constitution and section 63 of the Executive Law, the Governor issued Executive Order No. 78 (9 NYCRR 3.78) on December 20, 1978, requiring the Attorney-General to appear before a term of the Albany County Supreme Court, and any Grand Jury drawn for any term of that court, for the purpose of managing and conducting any and all proceedings which might be taken before the Grand Jury concerning or relating to any and all unlawful acts or omissions arising out of, relating to, or in any way connected with "the subject matter of an investigation presently pending in the Office of the Special State Prosecutor for Nursing Homes, Health and Social Services, entitled: *People v. John Doe,* Special Prosecutor's File Number NY 9-41". The Attorney-General appointed the Special State Prosecutor for Nursing Homes as his deputy to perform the Governor's requirements and an additional term of the Albany County Supreme Court Grand Jury was thereafter empaneled. Subpoenas to appear and testify before that Grand Jury were served upon respondent and they form the basis for the present appeal. The Deputy Attorney-General applied for and received an order directing compliance with those subpoenas while respondent's cross motion to quash or modify them was denied by Special Term. We have examined the contentions raised by respondent and, for the most part, find them to be wholly without merit and unpersuasive (see *Mulroy v Carey,* 58 AD2d 207, 215-216, affd 43 NY2d 819). However, respondent has raised a novel argument by suggesting that the language of Executive Order No. 78 is so vague and obscure that it fails to comply with subdivision 2 of section 63 of the Executive Law that the Attorney-General manage and conduct such criminal actions or proceedings "as shall be specified in such requirement". Since the statute does not mandate the form such a specification must take, we cannot agree that the order in question is deficient on its

face. However, since it also appears that the contents of the investigatory file recited in that order have not been made available to Special Term, it is not possible to determine at the present time whether the instant subpoenas were properly issued. Therefore, decision of the appeal should be withheld and the matter should be remitted to Special Term so that the file referred to in Executive Order No. 78 can be reviewed by it *in camera* to ascertain whether the instant subpoenas fall within its terms. Decision withheld, and matter remitted to Special Term so that the file referred to in Executive Order No. 78 can be reviewed by it *in camera* to ascertain whether the instant subpoenas fall within its terms. Mahoney, P. J., Sweeney, Kane, Main and Mikoll, JJ., concur.